IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER ANDERSON, | : | Civil No. 3:18-CV-01741 |
| Plaintiff, | : | |
| v. | : | |
| MICHAEL DOHMAN, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Plaintiff's motion to compel, Doc. 42, Defendant's motion for summary judgment, Doc. 45, and Plaintiff's motion for default, Doc. 49.  Upon review of the operative complaint in this action, the court will dismiss the complaint with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) and deny all the pending motions as moot.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Walter Anderson ("Plaintiff") filed a complaint in August of 2018 in the United States District Court for the Eastern District of Pennsylvania naming seven defendants: (1) Michael Dahman ("Dahman"); (2) Gregory L. Wilson ("Wilson"); (3) Robert Weikel ("Weikel"); (4) Antonia Olveras ("Olveras"); (5) John E. Wetzel ("Wetzel"); (6) Kathy Brittain ("Brittain"); and (7) David Radziewicz ("Radziewicz").  (Doc. 1.)  Plaintiff's complaint raised Eighth and Fourteenth Amendment claims.  (*Id.*)  On August 30, 2018, District Judge C. Darnell Jones, II

1

granted Plaintiff's motion to proceed *in forma pauperis*, screened the complaint, dismissed the claims against Defendants Dohman, Wilson, Weikel, and Olveras from SCI-Graterford with prejudice, and found that the District lacked venue for the remaining claims against Defendants Wetzel, Brittain, and Radziewicz, which took place at SCI-Frackville. (Docs. 6, 7.) Therefore, the Eastern District of Pennsylvania transferred the case to this District. (*Id.*)

On October 5, 2018, Plaintiff filed an amended complaint against Defendants Wetzel, Brittain, and Radziewicz raising a First Amendment claim for interference with his mail, an Eighth Amendment claim for the denial of a single cell, a Fourteenth Amendment claim for a failure to investigate his claim of sexual abuse, and a Fourteenth Amendment claim stemming from the denial of visitation privileges by his friend Ms. Dudley. (Doc. 11.) On April 9, 2018, Judge Caputo entered a memorandum and order screening the amended complaint. (Docs. 13, 14.) The First Amendment claim was dismissed for failure to exhaust the administrative remedies. (*Id.*) The claim concerning the denial of a single cell was dismissed without prejudice. (*Id.*) The claim concerning the visitation of Ms. Dudley survived screening. (*Id.*) The court granted Plaintiff leave to amend his complaint. (*Id.*) The court did not address the failure to investigate the sexual abuse claim.

On May 6, 2019, Plaintiff filed a second amended complaint. (Doc. 15.) This second amended complaint names Defendants Dohman and Brittain. (*Id.*) This second amended complaint alleges that from 2010 through 2015, Plaintiff was approached by Defendant Dohman, who asked Plaintiff to provide him with the names of "dirty" or "corrupt" corrections officers. (Doc. 15, p. 2.) Plaintiff alleges that he refused, resulting in harassment and a later denial of his visiting privileges with Ms. Dudley based on a fabricated positive drug residue test in Ms. Dudley's vehicle. (*Id.*, p. 3.) Following his transfer to SCI-Frackville, Plaintiff alleges that he requested to be assigned to a single cell status based on his inability to perform bodily functions in the presence of others. (*Id.*) Plaintiff brings First, Fourth, Eighth, and Fourteenth Amendment claims against Defendant Dohman. (*Id.*, p. 4.) Plaintiff brings First, Fourth, Eighth, and Fourteenth Amendment claims against Defendant Brittain. (*Id.*) However, throughout the complaint, Plaintiff fails to allege adequate facts in support of his claims. Instead, he refers to unidentified actions or inactions on the part of the Defendants. Plaintiff seeks a declaratory judgment, monetary compensation, punitive damages, reinstatement of his visiting privileges, and reevaluation for single cell status as relief. (*Id.*, pp. 3–4.)

On March 1, 2022, the second amended complaint was served on Defendants. (Doc. 16.) Defendants Dohman and Brittain answered the second amended complaint on April 28, 2022. (Doc. 21.) On April 7, 2023, Plaintiff filed

a motion to compel alleging that Defendant Dohman failed to reply to the interrogatories sent in November of 2022. (Doc. 42.) On April 26, 2023, the court ordered Defendant Dohman to respond to the motion to compel. (Doc. 43.) On May 10, 2023, Defendant Dohman filed a response stating that since the claims brought against him in the original complaint were dismissed as outside the statute of limitations, he would not be responding to the written interrogatories. (Doc. 44.) Defendants concede that counsel did not respond in writing to Plaintiff's request for Defendant Dohman's to respond to written interrogatories, but state that defense counsel did call and speak with Plaintiff advising that the claims against Defendant Dohman were previously dismissed and the interrogatories sought information that was not relevant to the remaining claims or defenses in the instant litigation. (Doc. 44.) In response, Plaintiff filed a reply alleging that the court had ordered Defendant Dohman to answer the written interrogatories and his response failed to follow the court's order. (Doc. 52.)

Defendant filed a motion for summary judgment and brief in support on May 26, 2023. (Doc. 45.) Plaintiff filed a brief in opposition on June 27, 2023. (Doc. 51.) Defendant filed a reply on July 11, 2023. (Doc. 54.)

Plaintiff filed a motion for default on June 14, 2023 alleging that Defendants' failure to answer the written interrogatories barred his ability to assert

counter claims and from filing dispositive motions. (Doc. 49.) Defendants did not respond to the motion for default.

In reviewing the second amended complaint and the pending motions, it appears that the parties are assuming that the facts alleged in prior complaints are the facts at issue in the second amended complaint, which is the operative complaint in this matter. However, this District's Local Rules clearly set forth that an amended pleading must be "complete in itself." M.D.Pa. Local Rule 15.1. Therefore, the second amended complaint must be read in isolation. The second amended complaint fails to state a claim on which relief can be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and deny the pending motions as moot.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims against Defendant Brittain occurred at SCI-Frackville, located in Schuylkill County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b). As discussed more below, the claims brought against Defendant Dohman have been dismissed by the Eastern District of Pennsylvania for being outside the

relevant period for the statute of limitations, and the claims will not be relitigated in this venue.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-

represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

Here, Plaintiff only raised six short sentences of facts:

1. From 2010 to 2015, Plaintiff was approached by Dohman who asked Plaintiff to provide him names of "dirty" or "corrupt" corrections officers.

2. Plaintiff's refusal culminated in harassment and the later denial of his visiting privileges with Latisha Dudley based upon a fabricated positive drug residue test of Ms. Dudley's vehicle.

3. Following transfer to Frackville, Plaintiff requested that he be assigned single cell status due to his psychological inability to perform basic human bodily functions in the presence of others.

4. Plaintiff further requested that his visiting privileges be reinstated as the initial restriction was proven to be baseless.

5. In April of 2018, defendant Brittain denied plaintiff's request to restore his visiting privileges.

6. Plaintiff's request that he be reviewed for single cell status was also denied by defendant Brittain.

(Doc. 15, pp. 2–4.)  Based on these six facts, Plaintiff alleges that Defendants retaliated against him for refusing to become a prison informant.  He also alleges that Defendants violated his Fourth, Eighth, and Fourteenth Amendment rights.  (*Id*., pp. 4–5.)

The claims raised against Defendant Dohman were dismissed with prejudice by the Eastern District of Pennsylvania because they are barred by the statute of limitations.  (Doc. 7.)  Therefore, these claims cannot be re-pleaded in this court.

As to the claims raised against Defendant Brittain, Plaintiff fails to state any facts giving rise to the claims.  (Doc. 15.)  A prisoner asserting a retaliation claim must allege the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).  Refusing to become a prison informant is not a constitutionally protected activity.  In addition, Plaintiff has not asserted any facts (that are not mere conclusions) alleging that his refusal to become a prison informant had any temporal or causal relationship to the later decisions to terminate his visitation privileges with Ms. Dudley and deny his request for a single cell.  Therefore, the retaliation claim will be dismissed.

Plaintiff's second amended complaint fails to raise a Fourth Amendment claim as there is no Fourth Amendment right to visitation or a single cell. The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. An inmate has some constitutional protection under the Fourth Amendment, but an inmate's rights are limited by the need to maintain prison security. *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012); *see also Bell v. Wolfish,* 441 U.S. 441, 558–60 (1979). Rather, the Fourth Amendment's application to prison settings has been narrowly constrained to issues regarding bodily integrity. *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016) ("We conclude that a right to privacy in one's own body, unlike a right to maintain private spaces for possessions, is not fundamentally inconsistent with imprisonment and is so fundamental that society would recognize it as reasonable even in the prison context."). Nothing alleged in the complaint raises a claim in this context. Furthermore, the Supreme Court has specifically held that the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement (such as a single cell). *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) *citing Meachum v. Fano,* 427 U.S. 215, 225, (1976). Therefore, the Fourth Amendment claim will be dismissed.

Plaintiff's second amended complaint fails to raise an Eighth Amendment claim. There is no Eighth Amendment right to visitation or a single cell. The

Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. Amend. VIII.  Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs.  *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).  Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'"  *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell*, 833 F.3d at 335).  Such a claim contains two requirements: an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prisoner asserting a claim that the conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk."  *Farmer*, 511 U.S. at 834, 844–45.  Here, nothing Plaintiff has alleged raises the

necessary elements of an Eighth Amendment claim. Therefore, the Eighth Amendment claim will be dismissed.

Plaintiff's second amended complaint fails to raise a Fourteenth Amendment claim. There is no Fourteenth Amendment right to visitation or a single cell. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that (1) he is a member of a protected class, and (2) he was treated differently from similarly situated inmates. *See id*. Plaintiff fails to allege that he was a member of a protected class. Therefore, any equal protection claim will be dismissed.

The Fourteenth Amendment also provides, in pertinent part, that no State shall "deprive any person of life, liberty, or property, without due process of law[.]" *See* U.S. Const. amend. XIV. A Fourteenth Amendment due process claim requires that a liberty interest be at stake:

> Procedural due process rights are [only] triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.E.2d 418 (1995). In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement; and (2) whether the conditions of confinement were significantly more

restrictive than those imposed upon other inmates in solitary confinement. *See id*. at 468, 115 S.Ct. 2293; *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000).

*Huertas v. Sec'y of Pa. Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013). As discussed above, there is no liberty interest in being housed in a single cell. Additionally, there is no constitutional right to visitation for convicted prisoners. *Flanagan v. Shively*, 783 F.Supp. 922, 934 (M.D. Pa. Jan. 16, 1992). Therefore, all Fourteenth Amendment claims will be dismissed.

## CONCLUSION

For the reasons set forth above, the court will dismiss the second amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted. Therefore, the pending motions will be dismissed as moot.

As discussed above, *pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. Considering that Plaintiff has already been provided repeated opportunities to amend and he has failed to cure the defects in his pleadings, the court finds that further attempts would be futile. As such, the second amended complaint will be dismissed with prejudice.

An appropriate order follows.

                                                                          <u>s/Jennifer P. Wilson</u>
                                                                          JENNIFER P. WILSON
                                                                          United States District Judge
                                                                          Middle District of Pennsylvania

Dated: August 7, 2023